KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

TRACIE L. BROWN (CSBN 184339)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone: (415) 436-6917
Facsimile:  (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. 3-05-70991 EDL |
|---|---|---|
| Plaintiff, | ) | [~~PROPOSED~~] ORDER AND STIPULATION WAIVING TIME UNDER RULE 5.1 AND EXCLUDING TIME FROM DECEMBER 15, 2005 TO JANUARY 6, 2006 FROM THE SPEEDY TRIAL ACT CALCULATION (18 U.S.C. § 3161(h)(8)(A)) |
| v. | ) | |
| GONZALO MAYORGA, | ) | |
| Defendant. | ) | |

The parties appeared before the Honorable Elizabeth D. Laporte on December 15, 2005. With the agreement of the parties, and with the consent of the defendant, the Court enters this order (1) scheduling a new status hearing date of January 6, 2006 at 9:30 a.m., before the Honorable Joseph C. Spero; (2) documenting the defendant's waiver of time limits under Federal Rule of Criminal Procedure 5.1; and (3) documenting the exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A), from December 15, 2005 to January 6, 2006. The parties agreed, and the Court found and held, as follows:

1. The defendant waived the time limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1. Failure to grant the requested continuance would unreasonably deny both defense and government counsel reasonable time necessary for effective preparation, taking

STIPULATION AND ORDER
3-05-70991 EDL

1  into account the exercise of due diligence, and would deny the defendant continuity of counsel.

2      2. Counsel for the defense believes that postponing the preliminary hearing is in his client's best interest, and that it is not in his client's interest for the United States to indict the case before the expiration of the twenty-day clock under Rule 5.1.  The parties expect to discuss the possibility of a pre-indictment disposition of the case.

3      3. The defendant agreed to an exclusion of time under the Speedy Trial Act.  Failure to grant the requested continuance would unreasonably deny both government and defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would deny the defendant and the government continuity of counsel.

4      4. Given these circumstances, the Court found that the ends of justice served by excluding the period from December 15, 2005 to January 6, 2006, outweigh the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(8)(A).

5      5. Accordingly, and with the consent of the defendant, the Court ordered that the period from December 15, 2005 to January 6, 2006, be excluded from Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).

4.  The Court scheduled a new status date of January 6, 2006, at 9:30 a.m., before the Honorable Joseph C. Spero.  The preliminary hearing/arraignment date will be scheduled at that time.

IT IS SO STIPULATED.

DATED: ___1/6/06_____        ____/s/_____
                                          TRACIE L. BROWN
                                          Assistant United States Attorney


DATED: ___1/6/06_____             ____/s/_____
                                          STEVEN KALAR
                                          Attorney for GONZALO MAYORGA

    IT IS SO ORDERED.


DATED:  January 9, 2006                   _____
                                          THE HONORABLE ELIZABETH D. LAPORTE
                                          United States Magistrate Judge



STIPULATION AND ORDER
3-05-70991 EDL                            2