KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

TRACIE L. BROWN (CSBN 184339)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-6917
    Facsimile:  (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>     )<br>v. )<br>     )<br>GONZALO MAYORGA, )<br>    Defendant. )<br>_____) | No.  3-05-70991 EDL<br><br>[PROPOSED] ORDER AND STIPULATION WAIVING TIME UNDER RULE 5.1 AND EXCLUDING TIME FROM APRIL 26, 2006 TO MAY 26, 2006 FROM THE SPEEDY TRIAL ACT CALCULATION<br>(18 U.S.C. § 3161(h)(8)(A)) |

    The parties appeared before the Court on April 26, 2006.  With the agreement of the parties, and with the consent of the defendant, the Court enters this order (1) scheduling a new preliminary hearing/arraignment date of May 26, 2006 at 9:30 a.m., before the Honorable Elizabeth D. Laporte; (2) documenting the defendant's waiver of time limits under Federal Rule of Criminal Procedure 5.1; and (3) documenting the exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A), from April 26, 2006 to May 26, 2006.  The parties agreed, and the Court found and held, as follows:

    1.  The defendant waived the time limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1.  Failure to grant the requested continuance would unreasonably deny the defense reasonable time necessary for effective preparation, taking into account the exercise of

STIPULATION AND ORDER
3-05-70991 EDL

due diligence, and would deny the defendant continuity of counsel.

    2. Counsel for the defense believes that postponing the preliminary hearing is in his client's best interest, and that it is not in his client's interest for the United States to indict the case before the currently scheduled preliminary hearing/arraignment date.  The parties expect to discuss the possibility of a pre-indictment disposition of the case.

    3.  The defendant agreed to an exclusion of time under the Speedy Trial Act.  Failure to grant the requested continuance would unreasonably deny both government and defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence and the need for both sides to investigate the facts of the case, and would deny the defendant and the government continuity of counsel.

    4. Given these circumstances, the Court found that the ends of justice served by excluding the period from April 26, 2006 to May 26, 2006, outweigh the best interest of the public and the defendant in a speedy trial.  Id. § 3161(h)(8)(A).

    5. Accordingly, and with the consent of the defendant, the Court ordered that the period from April 26, 2006 to May 26, 2006 be excluded from Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).

    4. The Court scheduled a new preliminary hearing/arraignment date of May 26, 2006, at 9:30 a.m., before the Honorable Elizabeth D. Laporte.

IT IS SO STIPULATED.

DATED: _____    \_\_\_\_\_/S/_____
    TRACIE L. BROWN
    Assistant United States Attorney

DATED: _____    \_\_\_\_\_/S/_____
    STEVEN KALAR
    Attorney for GONZALO MAYORGA

**IT IS SO ORDERED.**

DATED: 5/9/06



STIPULATION AND ORDER
3-05-70991 EDL    2