# UNITED STATES DISTRICT COURT

for

## NORTHERN DISTRICT OF CALIFORNIA

San Francisco Venue

## Amended Petition for Summons for Offender Under Supervision

Name of Offender: Gonzalo Leonel Mayorga    Docket No.: CR 06-00440-01 EMC

Name of Sentencing Judge: Edward M. Chen
United States Magistrate Judge

Date of Original Sentence: September 12, 2006

Original Offense:
Count One: Willful Injury to Government Property, 18 U.S.C. § 1361, a Class A misdemeanor

Original Sentence: Three months custody; one year supervised release
Special Conditions: Community confinement three months; special assessment $25.00; drug treatment; no gang associations.

Prior Form(s) 12: On December 21, 2006 a summons was issued for probation violations for Mr. Mayorga's failure to complete monthly report forms, his failure to reside and abide by the rules of Cornell Residential Rehabilitation Center, and new law violations. On January 09, 2007, the offender appeared before Magistrate Judge Larson and his conditions were modified to include a prohibition from associating with any member of the Norteno gang or where the clothing, colors, or insignia of the Norteno gang, and to participate and complete a anger management and parenting program.

Type of Supervision: Supervised Release    Date Supervision Commenced: September 29, 2006
Assistant U.S. Attorney: Tracie L. Brown    Defense Counsel: Steven G. Kalar (AFPD)

## Petitioning the Court

To take notice of additional charges numbered Four, Five and, Six amending the Petition for Summons for Offender Under Supervision filed December 21, 2006. The offender is scheduled to appear for further proceeding before Magistrate Judge Chen on May 02, 2007 at 9:30 a.m.

I, Myra Turner, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records

NDC-SUPV-FORM 12C(1) 03/23/05

or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

Charge Number          Violation

One                    There is probable cause to believe that the offender violated the standard condition that he not commit another federal, state or local crime.

                       On December 15, 2006 at approximately 0300 hours, the offender was working as an over night stocker at Target, Colma, California. When the lost prevention officer observed the offender acting strangely in the electronics department of the store he decided to place Mr. Mayorga on surveillance. The loss prevention officer then observed the offender take a Cannon Powershot SD -360 digital camera, valued at $299.00, off the shelf, remove the camera from the box and placed the camera in his pant pocket. Mayorga placed the box in the garbage and collected garbage from other areas of the store before he proceeded to the employee bathroom/locker room with the garbage bag. Subsequent investigation revealed that the offender attempted to destroy the evidence by tearing up the box and its contents and flushed those items in the toilet - the owners manual was found floating in one of the toilet bowls. At approximately 0437 hours, the offender entered the locker room, he removed the camera from his pocket and placed the camera in his backpack. He placed the backpack back in his locker and returned to work. The offender was accosted by the loss prevention officer, as he attempted to exit the store at the end of his shift (approximately 0600 hours) without paying for said camera. Colma Police Department was notified and the offender was arrested for embezzlement - employee theft. The offender admitted taking the camera and stated he took the camera to take pictures of his two month old daughter over the Christmas Holiday. The offender was cited and released with a notice to appear in Northern Municipal Court, in Redwood City, California, January 8, 2007, for the charge of California Penal Code 508 Embezzlement - Clerk, Agent, or Servant.

                       Evidence to support this charge is outlined in Colma Police Department police report, case number 06-12-15-02, and the Target surveillance video and loss prevention report.

Two                    There is probable cause to believe that the offender violated standard
                       condition number two that the he shall submit a truthful and complete written
                       report within the first five days of each month.

                               To date, the offender has failed to submit any monthly supervision
                               report forms to the probation office.

                               Evidence to support this charge is documented in the U.S. Probation
                               Office monthly supervision database log, which indicates Mr.
                               Mayorga has not provided any monthly supervision reports.

Three                  There is probable cause to believe that the offender violated special condition
                       number one that the defendant shall reside for a period of three (3) months at
                       a residential rehabilitation center (RRC), to commence upon release from
                       custody, and shall observe the rules of that facility. The defendant is allowed
                       to leave the facility to attend the birth of his child and spend four (4) hours a
                       day to visit with his family.

                               The offender was released from custody on September 29, 2006 and
                               was placed at Cornell Residential Rehabilitation Center on the same
                               date. Since arriving at Cornell RRC on September 29, 2006, the
                               offender has been uncooperative, disrespectful to staff and has
                               displayed a willful disregard to the rules of that facility. On October
                               10, 2006, the offender was granted permission to be out of the halfway
                               house for the birth of his child and was expected to return to the
                               facility at 1300 hours on October 12, 2006. The offender called the
                               facility and spoke with the Program Director, Maria Richard, and
                               asked if his return time could be extended. His request was denied
                               and he was ordered to return to the facility immediately. His request was denied
                               did not return to the facility until 2050 hours on October 12, 2006 and
                               was written up for being unaccountable in the community. On October
                               17, 2006, the offender was written up again for being unaccountable
                               in the community. It was discovered that the offender went shopping
                               without prior approval. On November 01, 2006 the offender was cited
                               for being in possession of an unapproved cell-phone. Furthermore, on
                               November 02 and 05, 2006, the Offender written up for being in an
                               unauthorized room.

                               Evidence to support that Gonzalo Mayorga has failed to observe the
                               rules of Cornell Residential Rehabilitation Center on several occasions
                               is established through incident reports obtained from Cornell.

Four                        There is probable cause to believe that the offender violated special condition
                            number two that he shall participate in a drug treatment program as directed
                            by the probation officer.

                                      On January 09, 2007, the offender was referred to Sharper Future for
                                      substance abuse testing and treatment. Mr. Mayorga was instructed to
                                      participate in group counseling, to contact the treatment facility to
                                      schedule an assessment, and to follow the code-a-phone collection
                                      procedure. The therapist attempted to contact the offender on January
                                      26, 2007, January 30, 2007, February 07, 2007, February 15, 2007 and
                                      February 28, 2007 to schedule an assessment and left messages for Mr.
                                      Mayorga to return her call, which he failed to do. In addition, the
                                      offender failed to report for testing on February 07, 2007, February
                                      26, 2007, February 27, 2007 March 06, 2007, March 17, 2007,
                                      March 31, 2007, and April 09, 2007. Furthermore, On March 28,
                                      2007, a noncompliance notice was mailed to the offender advising of
                                      his failure to participate in the required programs and was ordered to
                                      contact Sharper Future immediately.

                                      Evidence to support this charge are the Sharper Future no show
                                      notifications, and a non-compliance notice from this officer dated
                                      March 28, 2007.

Five                        There is probable cause to believe that the offender violated standard
                            condition number two that he shall report to the probation officer.

                                      On April 10, 2007, an appointment letter was mailed to the offender's
                                      address of record  instructing to him to report to his probation officer
                                      on Tuesday, April 24, 2007 at 11 am.  Mr. Mayorga failed to report to
                                      the office and failed to notify this officer of his absence.  There is no
                                      indication that the appointment letter was not received by the offender
                                      because it was not returned by the United States Postal Service.

                                      Evidence to support this charge are the offender's record of
                                      chronological entry dated April 24, 2007 within the United States
                                      Probation Officer's file, and the appointment notice from this officer
                                      dated April 10, 2007.

Six                         There is probable cause to believe that the offender violated the special
                            conditions that he shall participate and complete Anger Management and
                            Parent Education Classes.

                                   On January 09, 2007, Mr. Mayorga's conditions were modified to
                                   include that he participate and complete Anger Management and
                                   Parent Education Classes. He was instructed by the undersigned to
                                   enroll in those classes by January 16, 2007 and was given enrollment
                                   information for the Family Stress Center in Antioch, California. To
                                   date, Mr. Mayorga has failed to provide verification that he has
                                   enrolled in the programs.

                                   Evidence to support this charge is within the offender's record of
                                   chronological entry dated February 5, 2007 within the United States
                                   Probation Office.

To address Mr. Mayorga's noncompliance, he was verbally reprimanded by the undersigned on
November 15, 2006. In addition, while at the Residential Rehabilitation Center, he was reprimanded
by his case manager, by the Facility and Assistant Directors, he had passes revoked, items
confiscated, and was given extra chores. After his release from the RRC those efforts and continued
contact with this officer have failed to yield a change in Mr. Mayorga noncompliant behavior.

Address of offender:          4040 Heaton Court
                              Antioch, CA 94509

Based on the foregoing, there is probable cause to believe that Gonzalo Leonel Mayorga violated the
conditions of his supervision.

NDC-SUPV-FORM 12C(1) 03/23/05

Gonzalo Leonel Mayorga                                                    Page 6
CR 06-00440-01 EMC

Respectfully submitted,

Myra Turner
U.S. Probation Officer
Date Signed: May 01, 2007

                                        Approved as to form:

                                        Daniel Zurita
                                        Supervisory U.S. Probation Officer

Having considered the information set forth above, the court finds there is probable cause to believe
there has been a violation of the conditions of supervision and orders:

☑ Take notice of additional charges numbered Four, Five, and Six amending the Petition for
Summons for Offender Under Supervision filed December 21, 2006.

☐  Other:

_____5/2/07_____                        _____

Date                                    Edward M. Chen
                                        United States Magistrate Judge

NDC-SUPV-FORM 12C(1) 03/23/05